## EARL T. SIRMAN vs. GEORGE A. MOORE.

JUDGMENT—VACATING DEFAULT JUDGMENT ON FOREIGN ATTACHMENT.

Under *Rev. Code*, § 4134, giving a debtor in a foreign attachment proceeding the right to come into court within a year and by petition to show that he has a legal defense to the action, where, though such a debtor knew of the attachment proceeding, he understood and was informed by an attorney, who did not know that he was a nonresident, that he would be sum-

moned personally, and that he need do nothing until he was so summoned, he was entitled within one year after judgment was obtained to come in and defend the action, as this is the right of a debtor under the statute, whether or not he has notice of the attachment proceeding.

(*February* 18, 1915.)

Judges CONRAD and HEISEL sitting.
*Daniel J. Layton, Jr.*, for plaintiff.
*John M. Richardson* appeared specially for the rule.
Superior Court, Sussex County, February Term, 1915.

FOREIGN ATTACHMENT IN ACTION EX DELICTO (No. 6, February Term, 1914) by Earl T. Sirman against George A. Moore. On rule to show cause why judgment in foreign attachment should not be vacated, and petitioner allowed to avoid or disprove the claim under the statute. Rule made absolute, judgment vacated, and defendant allowed time to plead.

CONRAD, J., delivering the opinion of the court:

*Section* 4134 of the *Revised Code of* 1915 gives to the debtor in a foreign attachment proceeding the right to come into court within a year and by petition to show that he has a legal defense to the action, and thus appearing he shall be given the opportunity to avoid or disprove the claim of the plaintiff. And this would seem to be his right regardless of the fact as to whether or not he had notice of the attachment proceeding.

In the pending matter, Mr. Layton, the plaintiff's attorney, seems to have proceeded in an entirely regular and proper way, and the court is satisfied that he told the petitioner at his first interview with him that action had been brought, but petitioner evidently was unacquainted with the foreign attachment proceeding, and supposed when suit was brought he would be summoned personally by the sheriff, and in this he was further misled by the suggestion of Mr. White, his tentative counsel, who advised him (not knowing that he was a nonresident of the state) that he need not do anything until he was summoned by the sheriff.

The petitioner having appeared in this court within a year from the date of judgment obtained, and the allegations of his

petition being deemed sufficient, the rule is made absolute, and it is ordered by the court that the judgment be vacated and the defendant is allowed to plead within ten days.